## BUCHANAN v. BUCHANAN.
### No. 2741.

Court of Civil Appeals of Texas. Waco.
Oct. 16, 1947.

R. L. Henderson, of Waco, for appellant.
Woodrow Eason, of Waco, for appellee.

HALE, Justice.

Appellee sued appellant as administratrix of the estate of H. G. Buchanan, deceased, to establish her rejected claim in the sum of $399 and to recover an attorney's fee of $100. Appellant answered with various special exceptions, a general denial and certain affirmative defenses. One of appellant's exceptions was directed against that portion of appellee's pleadings wherein she sought the recovery of an attorney's fee and this exception was sustained. The case was tried on its merits before the court below without a jury and resulted in judgment establishing the claim in the sum of $448.03, with interest thereon from the date of judgment until paid in the course of administration at the rate of ten per cent per annum.

Appellant says in effect that the judgment is excessive, in that the same should have been only for the sum of $399, with interest thereon at the rate of six per cent per annum. We think this contention must be sustained for reasons which we will briefly note.

It definitely appears from appellee's petition that she was suing only to establish a claim in the sum of $399 and to recover a reasonable attorney's fee of $100 for legal services rendered in the prosecution of her suit. After the trial court had sustained appellant's exception to the attempted recovery of an attorney's fee it left appellee with a petition to establish her claim in the sum of $399, without any reference whatsoever to any interest or attorney's fee. Consequently, we think it is clear that under the trial petition of appellee the greatest amount for which her claim could have been properly established was the sum of $399.

Furthermore, it appears from the recitals in the trial court's judgment that appellee's claim arose out of the following facts, viz, the deceased was indebted to a third party in the sum of $399, as evidenced by a promissory note providing for ten per cent attorney's fees and interest at the rate of ten per cent per annum; the payment of the note was secured by a valid and subsisting chattel mortgage on an automobile belonging to appellee; and in order to protect her automobile against foreclosure appellee discharged the note by paying to the payee therein the sum of $399. The judgment establishing the claim in the sum of $448.03 further recites that such amount includes the ten per cent attorney's fee provided for in the note, as well as interest on the $399 claim at the rate of ten per cent per annum. Even though appellee had sought by her pleadings to establish her claim in the principal sum of $399, together with interest thereon at the rate of ten per cent and an agreed attorney's fee of ten per cent, we do not think she would have been entitled either at law or in equity to such recovery under the facts recited in the trial court's judgment. Under the found facts, appellee did not become the legal owner of the note

and hence there was no express contractual relationship existing between her and the estate of the deceased for the payment of any interest or attorney's fee. Her claim was equitable in nature, arising as it did out of the implied promise of the maker of the note to indemnify her against loss by reason of the note and mortgage, and the extent of such claim was appellee's equitable right to recover from the estate of the deceased the amount which she had been required to expend in protecting her property. Faires v. Cockerell, 88 Tex. 428, 31 S.W. 190, 28 L.R.A. 528. This amount was alleged by appellee and found by the trial court to be the sum of $399.00.

Therefore, the judgment of the court below is reformed by reducing the amount of appellee's established claim to the sum of $399, with interest thereon at the rate of six per cent per annum from the date of said judgment until paid in due course of administration, and as so reformed it is in all other respects affirmed.